IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | Criminal Action No. 2:06-00022-KD |
| ) | |
| KENDRICK MELTON, ) | |
|     Defendant. ) | |

**ORDER**

This matter is before the Court on Defendant Kendrick Melton's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the United States Sentencing Guidelines. (Doc. 40).

In 2006, Melton pled guilty to conspiracy to possess with intent to distribute cocaine base (Count 1), and possession of a firearm during a drug trafficking offense (Count 3). At sentencing, Melton was held accountable for 1.5 kilograms of crack cocaine and his base offense level was 38. He received a 3 level reduction for acceptance of responsibility. His total offense level was 35. With a criminal history category of IV, Melton's guideline range was 235 to 293 months as to Count 1 and 60 months, mandatory consecutive, as to Count 3.

As to Count 1, the government moved pursuant to U.S.S.G. § 5K1.1 for a downward departure of 5 levels to an adjusted offense level of 30 with a sentencing guideline range of 135 to 168 months. The government made a specific recommendation that Melton receive a sentence in the mid-range of the advisory guidelines. The government did not move pursuant to 18 U.S.C. § 3553(e) for a departure below the statutory mandatory minimum of 120 months. The Court granted the § 5K1.1 motion and sentenced Melton to 120 months as to Count 1 and 60 months, consecutive, as to Count 3. Both the 120 month and 60 month terms were imposed pursuant to statutory mandatory minimums.

In 2008, Melton moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. Amendment 706 had the effect of reducing Melton's base offense level to 36 and his total offense level to 33 and his recalculated guideline range was 188 to 235 months. In response, the government reiterated that it had not moved for a departure below the statutory mandatory minimum. (Doc. 38). Melton's motion was denied, noting that where the applicable guideline range is below the statutory mandatory minimum, the mandatory minimum becomes the guideline sentence. (Doc. 39).

Now, application of Amendment 782 would result in a new base offense level of 32 for 1.5 kilograms of crack cocaine. *See* U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (Nov. 1, 2008) (Drug Quantity Table) (applying level 32 where defendant is held accountable for "At least 840 G but less that 2.8KG of Cocaine Base"). Applying a 3 level reduction for acceptance of responsibility, his total offense level would be 29. With a criminal history category of IV, Melton's recalculated guideline range would be 121 months to 151 months. U.S.S.G. Ch. 5, Sentencing Table (Nov. 1, 2014). Applying a comparable 5 level reduction based upon the government's motion, would yield an offense level of 24. With a criminal history of IV, Melton's recalculated guideline range would be 77 to 96 months, and a mid-level sentence, as originally recommended by the government, would yield a sentence of approximately 86 months.

However, because the government declined to file a substantial assistance motion under 18 U.S.C. § 3553(e), Melton is receiving only 1 month's benefit – the difference between 121 months and 120 months - for his substantial assistance. Accordingly, because Melton is no longer receiving a 5 level reduction, Melton alleges that the government's failure to file a §3553(e) motion at this juncture (which would permit the Court to sentence Melton below the mandatory minimum) amounts to a breach of the plea agreement.

On November 6, 2015, the Court entered an order detailing its view that the government's failure to file a motion pursuant 18 U.S.C. §3553(e) results in a breach of its plea agreement with Melton. (Doc. 48, incorporated by reference). The Court concluded by providing the government with the opportunity to file such a motion and the government has objected to doing so. (Doc. 49).

If a breach has occurred, the Court may order specific performance or permit the Defendant to withdraw his guilty plea. *United States v. Johnson*, 132 F.3d 628, 631 (11th Cir. 1998) (citing *Santobello v. New York,* 404 U.S. 257, 262 (1971). The Court finds that the government's failure to file a motion pursuant 18 U.S.C. §3553(e) results in a breach of its plea agreement with Melton. Accordingly, on or before **November 25, 2015**, the government is **ORDERED** to file a motion pursuant to 18 U.S.C. § 3553(e), which would permit Melton to receive the benefit of his bargain, to which he is entitled under the terms of the plea agreement.

**DONE** and **ORDERED** this **18th** day of **November 2015**.

> s/ Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**